THE PEOPLE, *ex rel.* James G. Averill, *vs.* THE ADIRON-
DACK COMPANY, and DAVID C. JUDSON and others, Com-
missioners for the City of Ogdensburgh.

A municipal corporation has no authority, under the act of the legislature of
   May 18, 1869, (*Laws of* 1869, *ch.* 907,) to issue its bonds for the purpose of
   aiding a railroad corporation in constructing a railroad, where such railroad
   company has no authority, under its articles of association or otherwise, to
   construct a railroad, or any part of it, in the county in which such municipal
   corporation is situated.
There must be a corporation capable of receiving the aid, in the manner offered,
   as well as a corporation to bestow the aid.
The Adirondack Company has no power or authority, under its articles of
   association, to construct a railroad through the county of St. Lawrence;
   and although the statutes have given the company the right to obtain such
   power, upon its compliance with certain specified conditions, yet, until it
   has availed itself of the privilege so conferred, a city in that county has no
   right to issue its bonds to aid in the construction of a railroad, by such
   company, through the county.
An order of a county judge, appointing commissioners under the act of the
   legislature of 1869, chapter 907, based upon a petition of taxpayers which
   is conditional, and not absolute, being conditioned that the avails of the
   bonds to be issued by a city in aid of a railroad company shall be used ex-
   clusively in the construction of a railroad within a particular county—a
   county in which the railroad company has no right to construct a road—
   is void.

THIS is a *certiorari*, brought to review the action of the
county judge of St. Lawrence county, in certain pro-
ceedings had, under the provisions of "An act to amend
an act entitled 'an act to authorize the formation of rail-
road corporations, and to regulate the same,' passed April
2d, 1850, so as to permit municipal corporations to aid in
the construction of railroads," passed May 18, 1869. (*Laws
of* 1869, *ch.* 907.)   The petition, upon which the county
judge based his action was as follows :

"To the Hon. Henry L. Knowles, county judge of St. Law-
   rence county, N. Y.:

   The undersigned, tax-payers of the city of Ogdensburgh,
New York, respectfully represent that they are a majority

of the tax-payers within the corporate limits of said city whose names appear upon the last tax list and assessment roll in and for said city as owning or representing a majority of the taxable property in the corporate limits of said corporation; that they desire that such municipal corporation, the city of Ogdensburgh, shall, pursuant to chapter 907 of the laws of the State of New York, passed May 18th, 1869, entitled an act to amend an act entitled "An act to authorize the formation of railroad corporations and to regulate the same," passed April 2d, 1850, "so as to permit municipal corporations to aid in the construction of railroads," create and issue its bonds to the amount of $200,000, and invest the same or the proceeds thereof in the stock of the "Adirondack Company," a railroad corporation of the State of New York, to aid said railroad corporation in the construction of its railroad from the river St. Lawrence, at the city of Ogdensburgh, to Saratoga Springs, in the county of Saratoga, said aid to be used exclusively in the construction of said railroad within said county of St. Lawrence."

The matter was entitled by the county judge as follows: "In the matter of the petition of the tax-payers of the city of Ogdensburgh (a municipal corporation of the county of St. Lawrence) under and pursuant to chapter 907 of the laws of 1869, that the city of Ogdensburgh create and issue its bonds and invest the same or the proceeds thereof in the stock of the Adirondack Company, a railroad corporation, in aid of the construction of its road from the river St. Lawrence, at said city of Ogdensburgh, to Saratoga Springs, in the county of Saratoga." And the order made was as follows: "By the county judge of the county of St. Lawrence. Whereas, tax-payers of the city of Ogdensburgh, in the county of St. Lawrence, lately, pursuant to the provisions of chapter 907, of the laws of the State of New York, passed in the year 1869, made application to

the county judge of said county, by petition, duly verified, setting forth as in and by said chapter prescribed, and among other things, that they desired that such municipal corporation, the city of Ogdensburgh, should create and issue its bonds to the amount of $200,000, and invest the same, or the proceeds thereof, in the stock of the Adirondack Company, a railroad corporation ; and whereas such proceedings were thereupon had, pursuant to the provisions of said chapter, that said county judge did adjudge and determine that said petitioners and those other taxpayers of said city who upon said proceeding appeared before him and expressed a desire to join as petitioners in said petition, and did join therein, (not including the corporations whose names were subscribed thereunto,) did represent a majority of the tax-payers of said municipal corporation, as shown by the last preceding tax list or assessment roll, and do represent a majority of the taxable property upon said list or roll, and caused the same to be entered of record.

Now, therefore, I, the said county judge, do, in pursuance of said chapter, order that David C. Judson, John F. Rossell and Ela N. Merriam, freeholders, residents and tax-payers within the corporate limits of said city of Ogdensburgh, be appointed and commissioned to be commissioners, and they are hereby appointed to be commissioners, for the purposes in said chapter named.

Dated Potsdam, St. Lawrence county, July 16th, 1870.

H. L. KNOWLES, St. Law. Co. Judge."

On the hearing before the county judge, the petitioners produced in evidence a duly certified copy of the articles of association of the Adirondack Company, from the office of the Secretary of State.

These were in the usual form, and were dated October 15th, 1863, and contained the following express provisions:

"*First.* The name of the said company shall be the Adirondack Company.

*Second.* The said company shall continue one thousand years.

*Third.* The places from and to which the said railroad shall be constructed, maintained and operated shall be as follows: 1st. From some point in the town of Hadley, in the county of Saratoga, up and along the valley of the upper Hudson to some point in the town of Newcomb, in the county of Essex. 2d. From some point in the line first above mentioned to some point of connection with the Saratoga and Whitehall Railroad, in one of the towns of Moreau, Northumberland, Wilton or Saratoga Springs, to some point of connection with the Rensselaer and Saratoga Railroad in one of the towns of Saratoga, Saratoga Springs, Milton, Ballston, Halfmoon or Waterford, in said county of Saratoga.

*Fourth.* The total length of said railroad, as near as may be, is one hundred and twenty miles.

*Fifth.* The names of the counties through or into which said railroad is intended to be made, are Saratoga, Warren, Essex, Hamilton and Washington.

*Sixth.* The amount of the capital stock of said company is $5,000,000.

*Seventh.* The number of shares of which such capital shall consist shall be 50,000, of $100 each."

These articles were filed under the provisions of the general railroad act of 1850, and a special act relating to this railroad, passed April 27, 1863. (*Ch.* 236.) By another special act, passed March 31, 1865, (*ch.* 250,) they were authorized to amend their articles of association, so as to enable it, under the general law, to extend its railroad to lake Ontario or river St. Lawrence, and to increase its stock. No evidence of such amendment was produced on the hearing; it was not claimed that any such amendment had been made. All other material facts appear in the opinion.

*B. H. Vary,* for the relators.

*C. G. Myers,* for the defendants.

*By the Court,* POTTER, J. It is clear, from the petition, from the entitling of the proceeding, and from the return made to the *certiorari* by the county judge, that the whole proceedings in this case were based upon the theory that the Adirondack Company were authorized to construct a railroad *through the county of St. Lawrence;* and that the $200,000 of bonds to be created and issued, and· the investment of the proceeds thereof, was to be in the stock of.such railroad corporation. It is equally clear that the said railroad company possessed no power or authority to construct their road, or any part of it, in said county. True, the statutes had given them the right to obtain such power, upon their compliance with the required conditions; and so any other body of organized citizens, under the general authority of statutes, had power to do the same thing, but no one, neither the Adirondack Company, nor any other corporation or association, had as yet, at the time of the proceeding in question, availed themselves of this privilege so allowed by law. Though the city of Ogdensburgh was a municipal corporation of the county of St. Lawrence, and though the Adirondack Company was a railroad company, yet there was no such railroad company in existence as enabled the city of Ogdensburgh to invest the $200,000 in bonds, so directed to be issued by the petitioners and by the order of the county judge. There was no railroad corporation of the State, authorized to construct a railroad "from the river St. Lawrence at the city of Ogdensburgh to Saratoga Springs, in the county of Saratoga," upon which the avails of the bonds applied for and directed to be issued, could be used in its construction within said county of St. Lawrence. The petitioners limited their request as to the application of the money,

and the order of the judge limited it accordingly; and that limit was to a nonentity. There must be a corporation capable of receiving the aid in the manner offered, as well as a corporation to bestow the aid. The only railroad company in existence bearing the name of that which was proposed to be aided, was the Adirondack Company, and this was limited in its dimensions and termination, to the counties of Saratoga, Warren, Essex, Hamilton and Washington; neither of which counties touch or adjoin the county of St. Lawrence. Under the order of the county judge, the commissioners appointed had no power to issue the bonds, and the Adirondack Company had no power to make a contract to apply the proceeds of these bonds in the county of St. Lawrence. The whole proceeding is *ultra vires*, on the part of the municipality of the city of Ogdensburgh, as well as on the part of the Adirondack Company. Neither party is in condition now, and perhaps never will be; neither has the present power to carry out the proposed enterprise, and perhaps never will have. It may be that the Adirondack Company will never amend their articles of association, or extend their line into the county of St. Lawrence; and it may be that if extended by an amended charter, its provisions would be such that the tax-payers of the municipality of the city of Ogdensburgh would refuse to give it their aid. Worse, in effect, as to the power to act, between these two parties is this case, than the contract of two infants, which would be only *voidable* at their option, upon their coming of age; in this case the parties to make the contract are not yet begotten, and the proceeding, therefore, is absolutely void for want of parties to make it.

I think the order of the county judge was void, also, in that it was based upon a petition that was conditional and not absolute. (*Butternuts and Oxford Turnpike Co.* v. *North,* 1 *Hill,* 518. *Fort Edward and Fort Miller Plank Road Co.* v. *Payne,* 15 *N. Y. Rep.* 583. *Troy and Boston Railroad*

*Co.* v. *Tibbits*, 18 *Barb.* 297.) It was conditioned that the avails be used exclusively in the construction of said railroad within said county of St. Lawrence; and in a county in which the railroad company named had no right to construct a road.

I have regarded this as the leading and substantial point in the case; and if we are right in this view, the questions arising as to the practice, and other questions strictly technical, need not be discussed. I have not regarded them as possessing much merit, if jurisdisdiction was obtained by the county judge. With no disposition to throw obstacles in the way of enterprises that are intended to aid and facilitate the great system of our internal commerce, to add to the progress of civilization, and to increase the prosperity of secluded portions of the State, we are still bound to declare the intent and effect of the statutes intended to promote those objects, and in all cases where the individual property of the citizen is taken, without his consent, to see to it, that a strict construction of the statute, which divests him of his estate, shall be observed. If we are right in our view of the case, the order of the county judge should be reversed, without costs.

Order reversed.

[THIRD DEPARTMENT, GENERAL TERM, at Ogdensburgh, November 1, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]