THE PEOPLE OF THE STATE OF NEW YORK, *ex rel.* Roswell Beardsley and others, *vs.* MILES VAN VALKENBURGH, County Judge of Tompkins county.

A county judge has no authority to proceed, under the act of May, 18, 1869, (*Laws of* 1869, *ch.* 907,) to bond a town in aid of the construction of a railroad, except in proceedings to aid *a valid corporation.*  The legal existence of the corporation, as such, is a jurisdictional fact.

The act of 1850, authorizing the formation of railroad corporations, (*Laws of* 1850, *ch.* 140,) under which articles of association purported to have been filed and a corporation organized, requires that articles of association shall state "the name of each county in this State, through, or into which," the railroad "is made, or intended to be made."   In the articles of association produced before a county judge, in proceedings under the act of 1869, this particular was omitted.  *Held* that the court could not take judicial notice of distances, and hold, in the absence of the positive statement required by the statute, that this omission was not material.

*Held, also,* that the case did not show that a valid charter was produced before the county judge; and that this point was material to the question of his jurisdiction.

In proceedings under the act of 1869, to bond a town in aid of the construction of a railroad, the *petition* must direct whether it is in *stock,* or in *bonds,* that the money to be raised shall be invested.

Where the petition "desired" that a town should create and issue its bonds

The People *v.* Van Valkenburgh.

to the amount of $75,000, " and to invest the same, or the proceeds thereof, in the stock, or bonds, or both," of a specified railroad company; *Held* that the petition was defective and irregular; was not a compliance with the statute; and did not confer jurisdiction on the county judge.

In such proceedings the burden of showing that a majority of the tax-payers have signed the petitions is upon the petitioners. There is no presumption to be indulged, that public officers have done their duty; but every step in the proceeding must be proved to be within the powers conferred by the statute.

The county judge acquires his jurisdiction to make his orders, in these cases, from the statute; and can act only by virtue of the authority so conferred.

THIS case comes up upon *certiorari* to the county judge of Tompkins county, to review an order made by him on the 20th March, 1871, adjudging that a petition to bond the town of Lansing, in said county, was in due form, and was duly signed and executed; that the petitioners constituted and represented a majority of the tax-payers of said town, as shown by the last preceding tax list, or assessment roll of said town; and that the said petitioners represent a majority of the taxable property upon said last preceding tax list or assessment roll. The petition or petitions were in the following form:

" The petition of the undersigned, residents and others, and whose names appear upon the tax list and assessment roll of the town of Lansing, in said county, as owning or representing certain taxable property in the corporate limits of said town, respectfully shows, that the said petitioners desire that the said town of Lansing shall create and issue its bonds to the amount of $75,000, *and to invest the same, or the proceeds thereof, in the stock or bonds, or both, of the Cayuga Lake Railroad Co.*, in pursuance of an act of the legislature of the State of New York, entitled 'An act to amend an act to authorize the formation of railroad corporations, and to regulate the same, passed April 2d, 1850, so as to permit municipal corporations,' &c., passed May 18th, 1869, (*Laws of* 1869, *ch.* 907;) and in furtherance of

The People *v.* Van Valkenburgh.

the objects of said act we have hereunto signed our names, at the said town of Lansing," &c.

The material facts are sufficiently stated in the opinion.

*A. J. Parker*, for the relator.

*J. R. Cox*, for the respondents.

*By the Court*, P. POTTER, J.   The county judge acquires his jurisdiction to make his orders, in these cases, from the statute, and can only act by virtue of the authority so conferred.   The first step he is authorized to take, is by virtue of a provision of chapter 907, of the laws of New York, passed in 1869, which is as follows:·

Section 1. · " Whenever a majority of the tax-payers of a municipal corporation in this State, whose names appear upon the last preceding tax list or assessment roll of said corporation as owning or representing a majority of the taxable property in the corporate limits of said corporation, shall make application to the county judge of the county in which such corporation is situated, by petition verified by one of the petitioners, setting forth that they are such a majority of tax-payers, and represent such a majority of taxable property, and that they desire that such municipal corporation shall create and issue its bonds to an amount named in such petition, (but not to exceed twenty per cent of the whole amount of taxable property as shown by said tax list and assessment roll,) and invest the same, or the proceeds thereof, *in the stock or bonds (as said petition may direct*) of such railroad company in this State as may be named in said petition, it shall be the duty of said county judge to order," &c.

Section 2.   " It shall be the duty of the said judge, at the time and place named in the said notice," (the notice he is required to give,) "to proceed to take proof as to the said allegations in said petition " &c., " and if it shall ap-

pear satisfactorily to him" &c., he shall so adjudge and de-
termine, and cause the same to be entered of record," &c.

If it shall be adjuged, that the allegations in the petition
are sufficiently established, it is then made the duty of the
county judge, by section 3 of said act, to appoint and com-
mission three persons, who shall be freeholders, residents
and tax-payers within the limits of such town, or munici-
pality, to be commissioners for the purposes afterwards
named in said act.

Section 4 of the said act prescribes some of the powers
and duties of the said commissioners; and sec. 5 provides
among other things, as follows: "Such commissioners
are further empowered and directed to subscribe, in the
name of the municipal corporation which they represent,
to the *stock or bonds* of the railroad company named in
such petition, (*as the petition may direct,*) to an amount
equal to the amount of bonds so created by them, and to
pay for the same by exchanging the said bonds therefor,
at par; or they may, at their discretion, sell and dispose of
the said municipal corporation bonds, so created by them,
at rates not less than par, and invest the proceeds thereof
in such stock or bonds of such railroad company *as may be
directed in said petition.*"

The portions of the sections above quoted contain all
the powers conferred, and the limitations and restrictions
directed, that the case calls upon us to review.

It was held in this Department, in *The People* v. *Adiron-
dack Co.* (57 *Barb.* 661,) that there must be a legal corpo-
ration, capable of receiving aid in the manner offered, in
order to give authority to adjudge the bonding of a town
to be valid.

The contestants, before the county judge, presented a
certified copy of the articles of association of the Cayuga
Lake Railroad, to show that it was not organized in pur-
suance of the provisions of the general railroad act.
(*Laws of* 1850, *ch.* 140.)    The onus of proving a legal

The People *v.* Van Valkenburgh.

corporation was perhaps on the petitioners. Be this as it may, the county judge had no authority to proceed, but in proceedings to aid a *legal railroad company.* I think their legal existence, as a corporation, was a jurisdictional fact. The act which authorizes the formation of railroad corporations, and under which their articles profess to have been filed, and their corporation organized, requires, among other things, that they shall state "*the name of each county in this State, through, or into which, it is made, or intended to be made.*" This particular was omitted in the articles produced, and while it is probable that the petitioners of Lansing, Cayuga county, supposed this railroad was to be built in Cayuga county, it is just as good a charter for a railroad in Seneca county, through which last mentioned county they might not have been willing to have bonded their town to render aid. A starting point, from the New York Central railroad, and terminating at Ithaca, would answer for either county; and we cannot take judicial notice of distances, and hold, in the absence of the positive statement required by the statute, that this omission is not material. I think the case does not show that a valid charter was produced before the county judge, and that this point was material to the question of his jurisdiction, and that such aid can only be granted to a valid corporation.

But suppose we are wrong in this view. The contestants also raise the point against this exercise of power by the county judge, in that "*the petition did not direct*" whether it was in stock, or in bonds, that the money to be raised, should be invested. The statute seems to contemplate that this *direction* should be given by the petitioners. Such is its language in the first section, and repeated in the fifth, ("as the petition shall direct.") No power is conferred upon any other person or body *to direct.* This is an important power, and is to be exercised by somebody, or the aid to be raised is useless, and the application

of the fund would be impracticable. The statute by point-ing out *by whom* this direction is to be made, by proper con-struction, excludes every other power or party. No such direction was given by the petitioners, or in the petition. It is left, in fact, without direction. Who then can direct? In the order made by the county judge, he appoints three persons, naming them, as commissioners, whose duty it shall be to execute the bonds *for the purposes set forth in the petition.* What is that purpose? To invest in bonds, or in the stock of the railroad? Which? The petition does not direct. Who can? This is an important power. To invest in the bonds of the railroad, might or might not be a good investment. To invest in the stock might be worthless. Who is to direct, then? Did the statute in-tend to vest this power in the commissioners? Have they a discretion to invest as they shall think best? I think not. I think the petition is defective and irregular; is not a compliance with the statute; and did not confer jurisdiction on the county judge.

But I think, also, that it is not clearly shown that a majority of the tax-payers have signed the petitions. The burthen of showing this was upon the petitioners. If we adopt the rule laid down in the dissenting opinion of *The People* v. *Hulbert,* (59 *Barb.* 486, *&c.,*) which has been. adopted in the Court of Appeals, upon a review of that case, then we hold, that there is no presumption to be indulged that public officers have done their duty; but every step in the proceeding must be proved to be within the powers conferred by the act. Taking the names of persons who signed the petition without proof of their authority, such as executors, &c., such as signed by proxy, those whose names were not on the petition, or whose petition was not before the judge till the day of hear-ing, &c., and it does not appear, affirmatively and clearly, that a majority of the tax-payers are shown by legal proof; by legal evidence according to the rule in the cases of

*The People* v. *Hulbert,* (*supra ;*) *The People* v. *Smith,* (3 *Lansing,* 291 ; *S. C. in Court of Appeals,* 4 *Albany Law Journal,* 64 ;) *The People* v. *White,* (*Id.* 159,) to have signed the petitions.

I think the proceeding must be reversed.

Proceedings reversed.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, March 5, 1872. *Miller,* *P. Potter* and *Balcom,* Justices.]